COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

SAMUEL LEE HILL,                                            )

                                                                              )              
No.  08-05-00263-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
383rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D00593)

 

 

O
P I N I O N

 

Appellant Samuel
Lee Hill attempts to appeal from an original sentence of community supervision
with adjudication of guilt deferred entered in May of 2000.  Pursuant to a plea-bargain, Appellant pled
guilty to five counts of assault with a deadly weapon.  The trial court assessed punishment at 10
years community supervision with adjudication of guilt deferred, 600 hours of
community service, and a fine of $1,000 ($500 probated).  

In November 2004,
the State filed a motion to adjudicate guilt. 
The trial court granted the State=s
motion and assessed punishment at 20 years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Finding that Appellant has not complied with
Rule 25.2 of the Texas Rules of Appellate Procedure, we dismiss the appeal.

Rule 25.2 governs
the defendant=s right
to appeal in a criminal case.  This rule
provides in part:








A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which  defendant=s plea is guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant--a defendant may appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

The rule also provides the
following:

 

(d)        Certification of Defendant=s Rights of Appeal.  If the defendant is the appellant, the record
must include the trial court=s
certification of the defendant=s
right of appeal under Rule 25.2(a)(2). 
The certification should be part of the record when notice is filed, but
may be added by timely amendment or supplementation under this rule or Rule
34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule
34.5(c)(2).  The appeal must be dismissed
if a certification that shows the defendant has the right of appeal has not
been made part of the record under these rules.

 

Tex.R.App.P.
25.2(d).

 

Appellant=s notice of appeal did not include a
signed and dated Rule 25.2(a)(2) trial certification form.  On August 4, 2005, we ordered the trial court
to certify whether or not Appellant had the right of appeal.  The District Clerk of El Paso County prepared
and filed a supplemental clerks=s
record which contained the certification wherein the trial court denied
Appellant=s right
of appeal.








In a case where a
defendant pleads guilty and the punishment does not exceed that recommended by
the prosecutor and agreed to by the defendant, a defendant may only appeal
after getting the trial court=s
permission.  See Tex.R.App.P. 25.2(a)(2).  Accordingly, this appeal is dismissed for
want of jurisdiction.

 

October
13, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)